The Honorable FRANK L. KURTZ

Timothy J. Carlson, WSBA #11288
CARLSON BOYD & BUSEY PLLC
230 S. 2ND St., Ste 202
Yakima, WA 98908
Phone: 509-834-6611
Email: tcarlson@cbblawfirm.com
Fax: 509-834-6611
Attorneys for Debtor Craig Schultz

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

CRAIG R. SCHULTZ,

    Debtor.

Case No. **09-05025-FLK7**

DECLARATION OF DEBTOR CRAIG SCHULTZ IN SUPPORT OF OBJECTION TO MOTION OF TRUSTEE FOR ORDER APPROVING AGREEMENT AND EXERCISE OF OPTION

Craig Schultz, DECLARES under penalty of perjury of the laws of the State of Washington, at Yakima, Washington on the date stated below, that the following is true and correct to the best of my knowledge and belief and that I would be able to testify to the following in open court:

1. I am one of the members of the limited liability company which is the creditor Schultz Denlea LLC, a Washington limited liability company (the "LLC"). I

Declaration of Schultz Supporting Objection to Motion
and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 1 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7 Doc 168 Filed 01/12/11 Entered 01/12/11 14:17:10 Pg 1 of 8

make this declaration from facts of which I have first-hand knowledge, or would otherwise be able to testify to at trial or an evidentiary hearing in this matter. I am the Debtor in this case, having filed my petition on September 9, 2009.

2. Attached to the Declaration of Tom Denlea herein as **Exhibit "1"** is the Operating Agreement of the LLC ("Operating Agreement") dated as of July 1, 1996 between Craig Schultz ("Craig"), Linda Colleen Schultz ("Colleen"), Carol Denlea ("Carol") and myself ("Tom"). Colleen was my wife. The LLC was legally created with the State of Washington by filing the CERTIFICATE OF FORMATION OF SCHULTZ - DENLEA HOLDINGS LLC with the Secretary of State on August 20, 1996.

3. The membership of the LLC remained the same until Colleen and I were divorced. The only amendment to the LLC agreement was one acknowledging our separation and that Colleen would assign her membership units to Craig upon the divorce being finalized. Since there was no replacement member, the three of us continued the business.

4. Mr. Denlea drafted the LLC agreement from an agreement. I did not have the form reviewed by a lawyer.

5. Originally, I became aware that my father's friend Gene Mayer wanted to sell his interest in the Inn property which is at issue in this matter. Because of my other business interests, I did not have time and resources to devote to running a hotel. Also, I was not an expert hotel business. I knew that eventually my father would be willing to sell his interest. I got together with Tom Denlea. I knew that Tom had experience in the hotel business and that he ran a hotel in Prosser. We met to discuss the Best Western Ahtanum Inn ("Inn"). The Inn had been owned and operated by my father and Gene Mayer. Mr. Mayer was interested in selling his portion of the operation. At that time, the Inn was a franchised Day's Inn location. Mr. Mayer's portion of the business was actually owned by a company named Schultz-Mayer Holdings, LLC, a Washington limited liability company. The

Declaration of Schultz Supporting Objection to Motion
and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 2 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 2 of 8

general idea was that Tom and I were going to form a separate new LLC to buy the business and ultimately the real estate as well. Tom was to handle the general day-to-day operations of the Company. I was to handle banking and other financial accommodations at the hotel.

6. Eventually Gene Mayer sold his fifty percent interest to the LLC. Prior to that time the LLC leased both the interests of my father Robert Schultz and of Gene Mayer. I can supply the court with greater detail regarding these matters, however, this general overview outlines the starting point.

7. The LLC entered into a lease of Robert Schultz' interest and Robert Schultz gave the LLC an option to purchase his interest in the Inn. A copy of the original lease and a copy of the original option are attached hereto to the Denlea declaration as **Exhibit 3** ("Lease") and as **Exhibit 4** ("Option"). The Option required that notice of its exercise be given at least 180 days before the August 31, 2009 termination date. No such notice was given.

8. At the end of the option term, a new lease and option were entered between the parties. Robert and Barbara Schultz signed both the lease and the option. All Schultz Denlea Holdings LLC members signed the documents on behalf of the LLC. A copy of the renewal lease is attached to the Denlea declaration as **Exhibit 5** ("New Lease"). A copy of the renewal option is attached thereto as **Exhibit 6** ("New Option").

9. As set forth in the Denlea declaration, in the various agreements there are certain provisions which I believe are important for the Court to consider in making its decision regarding the right of the trustee to force the LLC into the proposed Moultray exercise of the option agreements. A highlight of those would be the following:

Declaration of Schultz Supporting Objection to Motion
and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 3 of 8

CARLSON BOYD & BUSEY PLLC
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 3 of 8

a. The LLC is a manager-managed LLC with two members in addition to the Debtor.[1] Tom Denlea is designated as the managing member.

b. "Required Vote" shall mean the vote or written consent of Members who own beneficially three-fourths or more of the total outstanding Units or such greater percentage or number as may be stated for particular matters in this Agreement. This is the same requirement provided for "Majority Vote". In other words, approval must be by 75% of the total outstanding Units. If only two members are voting members, the vote must be unanimous. Operating Agreement ¶2

c. **3.1 Management Rights.** The Managing Member shall have full and complete authority, power, and discretion to manage and control the business, affairs, and properties of the Company, to make all decisions regarding those matters, and to perform any and all other acts or activities customary or incident to the management of the Company's business and affairs. The Members will restrict their activity to Matters Requiring a Majority Vote, as specified in Section 3.2.

d. Matters requiring "Majority Vote" include:

> (b) To enter into any lease of any office or other real estate or to purchase or sell real estate;
> (c) To borrow money or to incur any debtor contract obligation in excess of $10,000, exclusive of interest (other than Advances from Members under Section 5. or to mortgage or subject any of the Company's property to any security interest or pledge, or to prepay, in whole or in part, refinance or extend any borrowing;

---

[1] The Operating Agreement was amended June 27, 2008 to provide the consent of both Thomas G. Denlea and Carol Denlea to the transfer of all ownership interests in Schultz-Denlea Holdings LLC from Linda Colleen Schultz to R. Craig Schultz, effective the date of finalization of their divorce settlement.

Declaration of Schultz Supporting Objection to Motion
and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 4 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 4 of 8

...
(e) To authorize a Member or any other person to do any act on behalf of the Company in contravention of the terms of this Agreement;

...

(g) To amend this Operating Agreement in accordance with Section 13;

(j) To materially change the business objectives of the company.

e.     3.4 Authority of Members to Bind the Company. No Member alone shall take any action as a Member to bind the Company and shall indemnify the Company for any costs or damages incurred by the Company as a result of the unauthorized action of such Member.

f.     4. MEETINGS OF MEMBERS.

g.     8. NO TRANSFER OF UNITS. No Member shall have the right to transfer his or her Units, or any portion or interest therein, without the unanimous written consent of all the other Members. Each Member acknowledges that the restrictions on transfer set forth in this Agreement are reasonable and appropriate for the orderly and harmonious management and operation of the Company as a closely-held entity and for the achievement of the material benefits of the Members and the fundamental purposes of the Company.

h.     10. TRANSFER OF UNITS, including 10.4 Right of First Refusal.

i.     11. SUBSTITUTED MEMBERS.

j.     12. DISSOCIATION, DISSOLUTION AND WINDING UP OF COMPANY. 12.1 Dissociation Events. A person will cease to be a Member of the Company upon the first to occur of any of the following events (an "Event of Dissociation"):

(b) If the Member (i) makes a general assignment for the benefit of creditors; (ii) files a voluntary petition in bankruptcy; (iii) becomes the subject for an order for relief in bankruptcy proceedings;

k.     **12.2 Rights of Dissociated Member.** Following an Event of Dissociation of a Member, the Member (and his. or her successor, personal representatives and assigns) shall cease to have any rights

Declaration of Schultz Supporting Objection to Motion and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 5 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 5 of 8

of a Member, except only the right to receive distributions, until such time as the Company is wound up and terminated, subject to the rights of purchase of the units of such dissociated Member under Section 10.3.

l. **12.3 Purchase Rights.** Upon an Event of Dissociation of a Member, the Company primarily, and the Non-Dissociated Members secondarily, shall have the right to purchase all, but not less than all, of the Units of the Dissociated Member on the following terms and conditions, unless may be otherwise mutually agreed.

10. Since the inception of the LLC, Tom Denlea has been its managing member. The LLC is a manager-managed LLC. Our original intent was to have a cooperative working relationship between two couples (later Tom Denlea, Carol Denlea and myself only) who were familiar with each other's skills and would rely on the continued cooperation and work experience of each other in making a significant investment. Both the Denlea Members and I spent years developing this project. Like any small business investment is not merely in dollars, but in significant personal sacrifice to make sure that the venture is successful. We were reliant on the essential personal skills of each other and the abilities of each of us to carry out our job function. I do not feel the trustee, or any person to whom he assigns his interest can fulfill the skills and contacts each of us brings to the LLC.

11. All of us agree that Tom should be the managing member because of his familiarity with the business. Since Craig Schultz et ux would have originally been the 70% owners, all of us recognized that the Denlea minority could be oppressed. To counter balance that position, effectively, we made all decisions require at least three quarters of the membership units voting in favor of any particular action.

12. I considered what the trustee is attempting to do in this particular case and I oppose it. I have declared my interest in the LLC Units in this matter to

Declaration of Schultz Supporting Objection to Motion
and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 6 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 6 of 8

be exempt and the Trustee has objected to this exemption. Had we all been given the opportunity to attend a meeting we would have voted against this type of proposal. Financing is not worked out for the entire building. I do not believe that he has an interest in either the real estate or in the personal property owned by the LLC, or for which the LLC as an option. He is acting as if he does. His interest is now a financial return interest, since under our LLC agreement the intent is to make any involuntary successor to a member a dissociated member. He is an assignee entitled to financial distributions only.

13. I read the Objection of the Debtor, specifically the chart that is included regarding values and distributions in the event of a sale of all of the property of the LLC pursuant to the proposal by the Trustee. While I agree with the statement contained that there may be additional considerations regarding the assumptions that are made in that chart, I believe the chart is a fair estimate of the likelihood of what would result for the estate in this matter.

14. In addition to the valuation problems, there is a provision for tender to the other members of the interests in the LLC if the dissociated member wants to transfer those units. None of those formalities have been followed in this case. It is my understanding that those formalities are binding on the trustee both because of Washington law and because of the contents of the operating agreement.

15. Having the trustee as a dissociated member has caused significant difficulty for the LLC. Bank financing is nearly impossible because the lenders do not want to lend to the LLC with the trustee in place. The Inn is required to make significant capital improvements, including bathroom renovation, public area remodeling and technological updates. We have been hindered in those capital improvements because of the status of the bankruptcy and the trustee interest.

16. When the members entered into this LLC and the Operating Agreement, we understood that the personal relationships would be very important

Declaration of Schultz Supporting Objection to Motion
and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 7 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 7 of 8

to the performance of this contracted goal of the LLC. We do not want to lose that relationship.

17. We are also concerned with the participation of Mr. Moultray in this matter. Our last business dealings with Mr. Moultray resulted in a lawsuit between the LLC and Mr. Moultray. While that was settled with Mr. Moultray restoring the majority of the property he bought from us, we were financially injured and never were made completely whole by the settlement, although he was clearly in the wrong. I feel it should be disclosed to everyone that he has an interest which may be biased against us because of that prior business relationship. In summary, that lawsuit involved a deliberate action on Mr. Moultray's part in violation of our signed contract which he was unwilling to admit and repair until forced to do so by a court of law.

18. I do not believe that the estate has any interest in the LLC because of the prior encumbrances and responsibilities which I've outlined above, specifically in paragraph 10.

DATED this 12 day of January, 2011.

Craig Schultz

C:\Users\tcarlson\Documents\aaWork\SCHULTZ, C-21015\Bankruptcy-2009005\Pleadings-HYPERLINKED\Drafts\Declaration of Craig (Supporting Objection of Debtor to Trustee Motion to sell real prop to Moultry) 011110.docx

Declaration of Schultz Supporting Objection to Motion and Notice for Approving Agreement
Case No. 09-05025 (FLK) - 8 of 8

**CARLSON BOYD & BUSEY PLLC**
230 S.2ND ST., SUITE 202
YAKIMA, WASHINGTON 98901
PHONE (509) 834-6611

09-05025-FLK7    Doc 168    Filed 01/12/11    Entered 01/12/11 14:17:10    Pg 8 of 8